[1] Reported in 35 N.W.2d 736.
Appeal from an order directing defendant trustees to pay to Arthur G. Ryan, respondent, the sum of $4,000 as attorneys' fees and $814.58 as expenses incurred by him in litigation seeking the construction of a trust instrument.
The attorneys' fees and expenses were incurred by respondent in respect to an action brought by the surviving spouse of one of the original beneficiaries of the living trust created by Herbert J. Atwood in his lifetime. The settlor by establishing the trust intended to provide support and maintenance for his four children. Within a comparatively short time after his death three of these children died. Plaintiff (in her own behalf as the surviving spouse of one of settlor's children and in behalf of three minor grandchildren), in order to secure a declaratory judgment as to the meaning and proper construction of the trust instrument, brought the action against the trustees and joined as defendants therein William E. Atwood, one of the original beneficiaries and a residuary legatee, and respondent, Arthur G. Ryan, in his capacity as administrator of the estate of Roland H. Tietze, deceased. The decedent Roland H. Tietze, who was the surviving husband of Eva Atwood Tietze, one of the original beneficiaries, survived his wife by only a few hours. In her complaint, plaintiff alleged that she was entitled to the immediate distribution of a fractional share of certain corporate stock held by the trustees as part of the trust corpus, and further alleged:
"That because of the existence of doubt as to the intention of the donor and rights of the plaintiffs and the other parties hereto for whose benefit said trust was created, and the uncertainty as what *Page 498 
is the obligation and duty of the trustees in administering said trust according to the intent of the donor, each succeeding death presenting a different situation, and because of uncertainty as to the rights, status and obligations of and between the parties, in view of the ambiguity and equivocation in the language employed by the donor, it is necessary to obtain from this court, a declaration of the rights, status and obligations of and between the parties hereto, and a construction of the said trust."
Respondent, as one of the answering defendants, asserted a similar right to an immediate distribution of certain corporate stock and expressly admitted as true the above quoted allegation of trust-instrument ambiguity. The ambiguity was also admitted by the trustees and by William E. Atwood in their joint answer. All defendants joined with plaintiff in asking for a declaratory judgment as to the meaning of the trust instrument. When the matter was originally heard, the trial court by its decision largely substantiated the asserted claims of plaintiff and of respondent to an immediate distribution of certain assets; but, upon a reopening of the case, in order to afford plaintiff's minor children an independent representation in the action, the trial court upon further argument reversed its position and held that plaintiff and respondent were in error as to their interpretation of the trust instrument. Respondent then appealed to this court, and upon such appeal the trial court was affirmed. A more complete statement of the facts is set forth in the decision of this court in Atwood v. Holmes, 224 Minn. 157, 28 N.W.2d 188.
In the proceedings for the allowance to respondent of attorneys' fees and expenses, the trial court specifically found that (a) the terms of the trust instrument were ambiguous and uncertain in meaning and that they had been construed at different times in different ways; (b) that litigation was necessary to resolve these ambiguities in meaning as a prerequisite to a determination of the present and future rights of all parties concerned; (c) that respondent in his representative capacity was a necessary and proper *Page 499 
party to this litigation; (d) that all litigation in which respondent participated and all the legal services performed and expenses incurred in connection therewith were necessary and proper and were of benefit to all the beneficiaries and to the trustees in resolving the trust-instrument ambiguities and in procuring a final adjudication of the respective rights of the beneficiaries and of the duties of the trustees; and (e) that the respective sums of $4,000 and $814.58 for attorneys' fees and expenses were reasonable.
1. Appellants contend that costs such as attorneys' fees and other expenses incurred in litigation by a beneficiary of a trust may in no event be allowed and paid out of the trust fund corpus unless such beneficiary thereby confers a benefit upon the trust as a whole by either preserving it from dissipation or by increasing its corpus. They further assert that where one brings adversary proceedings to take possession of trust property from those entitled to it, in order that he may distribute it to those who claim adversely, and fails in his purpose, such person is not entitled to reimbursement for his expenses out of the trust fund. In seeking to apply these principles to the instant case, appellants take the view that the legal services rendered in behalf of respondent, as well as the costs incurred in connection therewith, were devoted to the primary purpose of furthering respondent's claim to certain trust assets, and not devoted to the protection of the trust for the benefit of all the beneficiaries. The trial court, however, found that the litigation was necessary and was of benefit to the entire estate for the purpose of adjudicating the rights of the beneficiaries and the duties and powers of the trustees with respect to trust provisions which were couched in ambiguous language. Although respondent failed in having his interpretation of the trust instrument adopted, he was not an interloper, but an essential party to a proceeding in which he was joined as a defendant. All parties recognized that the trust settlor's language was ambiguous, and all parties requested the court's aid in determining its meaning. An intricate and involved question of law was presented. Substantial interests and issues were at stake. The trustees were in no position to carry on the administration *Page 500 
of the trust until the intent of the settlor, as revealed by his chosen language, could be finally determined. Obviously, a benefit to the entire trust, aside from benefits conferred by acts which protect or increase the trust corpus, may, in exceptional cases, also be conferred by litigation which is unquestionably essential to a judicial determination of the meaning of ambiguous language employed by the settlor, where the administration of the trust has broken down because the rights of the beneficiaries and the duties and powers of the trustees cannot with reasonable safety be ascertained without a judicial determination.
2-3. It is well established that when trustees are in reasonable doubt as to their official duties or powers they are entitled to instructions of the court in respect to such matters as the proper construction of the trust instrument, the extent of their powers and duties, who are beneficiaries of the trust, the character and extent of their interests, the allocation or apportionment of receipts or expenditures between principal and income, and as to the persons entitled to the income or to the trust property on the termination of the trust. Restatement, Trusts, § 259, comment a; 3 Bogert, Trusts and Trustees, § 559; 2 Scott, Trusts, § 259; 2 Perry, Trusts and Trustees (7 ed.) § 476a; see, In re Trust Under Will of Schultz, 215 Minn. 313, 9 N.W.2d 773. Costs and reasonable counsel fees may be allowed to the trustees where instructions have been properly sought. 2 Perry, Trusts and Trustees (7 ed.) § 476a; City of St. Louis v. McAllister, 302 Mo. 152,257 S.W. 425; Laughlin v. Page, 108 Me. 307, 80 A. 753. It is also recognized that costs and attorneys' fees may be allowed out of the trust estate to any necessary party who is acting primarily for the benefit of the estate in securing a clarification of ambiguous trust-instrument language where a reasonable doubt as to its meaning exists. City of St. Louis v. McAllister,302 Mo. 152, 257 S.W. 425; State v. Underwood, 54 Wyo. 1, 59,86 P.2d 707, 728; Attorney General ex rel. Bailey v. Moore's Executors, 19 N.J. Eq. 503, 519; 2 Perry, Trusts and Trustees (7 ed.) § 899. In such cases, the litigation is indispensable to the proper administration of the trust and is a proper charge *Page 501 
thereon. If the issues are immaterial or trifling, or if the conduct of a party is vexatious and litigious, or if he raises improper points, or in any way creates unnecessary delay or expense, the court will not only refuse him costs and counsel fees, but will order him to pay costs. 2 Perry, Trusts and Trustees (7 ed.) § 747a; see, Cleveland v. Second Nat. B. T. Co. (6 Cir.) 149 F.2d 466. In short, there must be reasonable grounds for instituting the litigation, and it must be conducted with dispatch and in good faith. Attorney General ex rel. Bailey v. Moore's Executors, 19 N.J. Eq. 503, 519. The applicable rule may be thus summarized: In the sound and cautiously exercised discretion of the court, and not as a matter of right, attorneys' fees and other expenses reasonably and necessarily incurred by all necessary parties to litigation may be allowed and properly charged to the trust estate where such litigation, with respect to substantial and material issues, is necessary in order to resolve the meaning and legal effect of ambiguous language used by the settlor in the trust instrument, if an adjudication thereof is essential to a proper administration of the trust, and if, without unnecessary expense or delay, the litigation is conducted in good faith for the primary benefit of the trust as a whole. The situation in the instant case clearly indicates that the adjudication was primarily for the benefit of the entire trust, although as an incident thereof respondent and plaintiff both asserted rights which if recognized would have redounded to their sole benefit.
A similar rule is applied in the analogous situation where there is a necessity for the judicial construction of ambiguous language used by a testator in his will. In Straw v. Societies,67 Me. 493, 495, the court held:
"The costs of this suit, including counsel fees on both sides, are to be paid from the general assets of the estate; as having been occasioned by the want of care and precaution on the part of the testatrix herself."
This rule has been followed in many prior and subsequent cases.[2] *Page 502 
4. A reasonable allowance for counsel fees to be paid out of the trust corpus may be made to necessary parties to a proceeding for the construction of ambiguous trust provisions, regardless of whether their interests are promoted or defeated by the final result. Obviously, the necessary parties will have divergent views as to the legal effect of the trust instrument; otherwise there would be no need for a judicial construction. Under such circumstances, a bona fide clash of divergent views, coupled with the production of evidence and a presentation of oral and written argument pro and con, is of great value to any genuine adjudication and is of benefit to the entire trust, although the court may not completely adopt the views of any party. The value of counsel's services rendered in good faith is not to be measured in terms of the success or nonsuccess of any necessary party. See, Matter of Watson, 149 Misc. 235, 243,267 N.Y. S. 373, 382; Matter of Staiger, 249 N.Y. 229,164 N.E. 33; Dailey v. Dailey, 224 Ill. App. 17; In re Estate of Reeve, 393 Ill. 272, 65 N.E.2d 815.
5. It is the duty of courts in fixing reasonable attorneys' fees as a charge against the trust corpus to protect trust estates from "vicarious generosity." In determining the reasonableness of attorneys' fees, the character, ability, and experience of the attorneys, the amount involved, the time necessary to prepare for trial, the responsibility assumed in connection therewith by counsel, the difficulties of the propositions involved, the results obtained, and the amount customarily charged for service of like character are all to be considered. Hempel v. Hempel, 225 Minn. 287, 293,30 N.W.2d 594, 598; Blackhurst v. Johnson (8 Cir.) 72 F.2d 644, 648.
Subject to these principles and in the light of the evidence as a whole, we cannot say that the allowance made by the trial court to *Page 503 
respondent for attorneys' fees and expenses was not both proper and reasonable.
The order of the trial court is affirmed.
Affirmed.
[2] ln re Estate of Reeve, 393 Ill. 272, 65 N.E.2d 815; Woman's Union Missionary Society v. Mead, 131 Ill. 338, 23 N.E. 603; Luttgen v. Tiffany (R.I.) 95 A. 847; Deane v. Home for Aged Colored Women, 111 Mass. 132; Morse v. Stearns, 131 Mass. 389; Currie v. Pye, 17 Ves. 462; Hicks v. Wrench, 6 Madd. G. 93; 69 C. J., Wills, § 2074; 1 Redfield, Law of Wills, § 36 (4).