## IN RE TRUST CREATED BY WILL OF
## JOSEPH D. CONAN.
## RACHEL CONAN CHARNEY v. FIRST & AMERICAN
## NATIONAL BANK OF DULUTH AND ANOTHER.[1]

May 5, 1950.

No. 35,134.

*Holmes, Mayall, Reavill & Neimeyer* and *Sydney C. Charney,* for appellant.

*Fryberger, Fulton & Boyle,* for respondents.

KNUTSON, JUSTICE.

This is an appeal from an order of the district court disallowing attorney's fees to a trustee.

By his last will and testament, Joseph D. Conan created an express trust for the benefit of his son, Raymond G. Conan, his daughter, Rachel Conan Charney, and her two minor children, Betty Jane Charney and Joseph Conan Charney. First and American National Bank of Duluth, together with Raymond G. Conan and Rachel Conan Charney, were appointed joint trustees by the

---

[1]Reported in 42 N. W. (2d) 400.

district court in June 1941. The corporate trustee is charged with the duty of keeping records for the trust. The trust assets consisted partly of stocks of various kinds. The trust instrument contains the following provision relating to the sale of such stocks:

"Said Trustees may, but shall not be required to, retain as a part of the trust fund for such time as to them seems best, all or any part of the securities received by them from my estate, except stocks of every kind, which I hereby direct and authorize my said Trustees to sell as soon as such sales may be made without unduly impairing or sacrificing the principal amount of said stock; and, when authorized by the Court having jurisdiction over said trust estate, may and shall sell, convey, mortgage, lease, assign, transfer, pledge, exchange or otherwise dispose of all or any of the assets, real or personal, of the trust estate for such price or rental, and upon such terms as they shall deem advisable, and for the best interests of the trust estate, * * *."

The trustees have not been able to agree on the advisability of selling such stocks and from time to time have asked the court for instructions as to how to proceed. At a hearing in June 1948, the Honorable Edwin J. Kenny made an order permitting the sale of stocks to be made upon agreement of a majority of the trustees. During the early part of 1949, the corporate trustee recommended that certain stocks be sold. Mrs. Charney agreed, but her brother objected. In filing its annual account during the summer of 1949, the corporate trustee again asked the court for authority to sell certain designated stocks or for instructions how to proceed. At the time of the hearing on that account in August 1949, Mrs. Charney had changed her mind and disagreed. Mrs. Charney lives in Milwaukee. Her husband, Sydney C. Charney, is an attorney at law practicing at Milwaukee. He appeared with his wife at the hearing on the account. Thereafter, he submitted his statement for expenses in coming to Duluth to attend the hearing, amounting to $156, and attorney's fees in the sum of $200, which Mrs. Charney asked to be paid by the trust estate. The

corporate trustee has as its attorney in connection with trust affairs a well-known firm of attorneys of Duluth, whose services are available to all the trustees. The court allowed Mrs. Charney her expenses in coming to Duluth, amounting to $78, but disallowed any attorney's fees for her husband, for the reason that during the period covered by the current account there had been no unusual services rendered by Mr. Charney of a legal nature.

This appeal is from that part of the court's order which disallows the claim of the trustee Rachel Conan Charney for attorney's fees to be paid to her husband.

The only question presented by this appeal is whether the court abused its discretion in refusing to allow such attorney's fees.

The trust instrument contains this provision:

"* * * The Corporate .Trustee shall receive reasonable compensation for its services, but no compensation for services as Trustee shall be paid to either of the Individual Trustees. All expenses necessarily incurred by any Trustee in performing the duties of the trust shall be paid by said Trustees."

Mrs. Charney concedes that the allowance of attorney's fees out of the trust estate is a matter resting largely in the discretion of the court, but contends that in this case the court abused its discretion. The rule respecting allowance of fees is stated in In re Living Trust Created by Atwood, 227 Minn. 495, 500, 35 N. W. (2d) 736, 740, 9 A. L. R. (2d) 1126.

The trust instrument expressly provides that no fees are to be paid to the individual trustees. It must be presumed that the individual trustees under the provisions of the will would render all ordinary services of a trustee without compensation. It is only where legal services are required in matters going beyond the ordinary duties of a trustee that the court would be justified in allowing fees to be paid out of the trust assets for such attorney's services. Here, it appears that the services of Mrs. Charney's husband were not of that nature. The court had previously construed the trust. It had made an order authorizing the

sale of the stocks upon the agreement or consent of a majority of the trustees. The only advice sought by Mrs. Charney from her husband related to the advisability of selling the stocks at the then market price. Under the circumstances, the court did not abuse its discretion in refusing to allow attorney's fees to her husband for services of that nature.

Affirmed.

MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.