AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA AND ANOTHER v. CLUB 167, INCORPORATED, AND OTHERS.

232 N. W. 2d 103.

July 25, 1975—No. 45258.

*Hvass, Weisman & King,* for appellants.

*Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Hyman Edelman,* and *Joann N. Lynch,* for respondents.

PER CURIAM.

Defendants appeal from an order of the District Court, Dakota County, awarding attorneys fees and disbursements to Hyman Edelman as attorney for plaintiffs under the "substantial benefit" exception to the rule against reimbursement of litigation costs. We affirm.

This appeal marks the culmination of a continued dispute over the ownership and control of funds in the possession of Club 167, Inc.[1] This controversy was finally settled by the parties herein so that the funds, after payment of an obligation of Local 167, would be disbursed for charitable purposes and in accordance with the stipulation of settlement. The district court found that legal services rendered by Hyman Edelman contributed substantially to the preservation of the fund involved and the successful achievement of the settlement program and

---

[1] For the factual background leading up to this appeal, see Amalgamated Meat Cutters v. Club 167, Inc. 295 Minn. 573, 204 N. W. 2d 820 (1973).

thereby contributed a special benefit to the parties involved in these proceedings and the fund.

We have carefully reviewed the record herein and conclude that the district court's findings are reasonably supported by the evidence. The district court's award of attorneys fees and disbursements is a proper exercise of its discretion within the standards established by our prior decisions. See, Bush v. Arrowood, 293 Minn. 243, 198 N. W. 2d 263 (1972); St. Paul Elec. Workers Welfare Fund v. Cartier, 288 Minn. 483, 182 N. W. 2d 187 (1970); In re Living Trust Created by Atwood, 227 Minn. 495, 35 N. W. 2d 736 (1949).

Affirmed.

MR. JUSTICE TODD took no part in the consideration or decision of this case.