# In re ESTATE OF PATRICK M. QUINN, Deceased. APPEAL OF MARY A. FARMER et al.

### *Compensation of Attorney—Allowance from Trust Estate.*

In all proceedings by or against executors, administrators, and trustees, if more than one, they are deemed to act as a single entity, and not as diverse individuals.            p. 156

An attorney employed by one only of two co-trustees to represent his individual interest, and not that of the other parties interested in the trust estate, his interest being antagonistic to theirs, and all the parties being *sui juris, held* not entitled to payment of his fee out of the estate.            p. 157

*Decided November 18th, 1920.*

Appeal from the Circuit Court No. 2 of Baltimore City (DOBLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Isaac Lobe Straus,* with whom was *Stephen J. McDonough* on the brief, for the appellants.

*R. Contee Rose,* with whom were *Preston & Field* on the brief, for the appellee.

STOCKBRIDGE, J., delivered the opinion of the court.

The appeal in this case is from an order of the Circuit Court No. 2 of Baltimore City, by which exceptions to the allowance of a fee of one thousand dollars, made to the late S. S. Field out of the trust estate of Patrick M. Quinn, were overruled.

The real parties to the case are James Q. Farmer against his brothers and sisters and nephew and nieces.

The parties excepting to the account and appealing from the action of the lower Court are Mary A. Farmer, as trustee and individually, and Margaret M. Farmer. Their objection is based upon the theory that Mr. Field was in reality representing only the individual interest of James Q. Farmer, and that he did not represent the trustees, that the interest of James Q. Farmer was antagonistic to that of the other parties, and therefore it would be improper to allow Mr. Field a fee to be paid out of the general trust estate when the interest of James Q. Farmer represented only a small fraction of the entire trust estate, approximately one-fifth. So far as it appears from the record, all of the parties to the proceeding are and were, at the time when the services are claimed to have been rendered, *sui juris,* and there was no reason why they were incompetent to contract for themselves for the rendition of proper and necessary legal services.

It clearly appears from the testimony of Mr. Field that there was no contractual relation, and it is the settled law of this State that in all proceedings by or against executors, administrators and trustees, in cases where there is more than one, that they are deemed to act as a single entity, and not as diverse individuals.

That Mr. Field did not represent Mary A. Farmer as trustee, in conjunction with James Q. Farmer the other trustee, is perfectly manifest from the testimony of Mary A. Farmer, which is in entire accord with the testimony of Mr. Field, and this is further borne out by the fact that Miss Farmer did employ other counsel to represent her, and that in certain matters connected with the settlement of the estate counsel employed by Mary A. Farmer acted conjointly with Mr. Field, although at certain points they were in opposition.

No question is raised in the record or briefs as to the amount allowed Mr. Field for his services, the sole controversy being whether he was entitled to any compensation at all from the trust estate, or whether he was required to look solely to Mr. James Q. Farmer, by whom he had been employed.

The question before the court is one that has so frequently been raised in this State, and the adjudications are so uniform, that it is needless at this time to go into decisions elsewhere, or even review all of the decisions in this State. Reference to many of the adjudicated cases will be found in the case of *Clayton* v. *Stein,* 135 Md. 684, and the present case is clearly distinguishable from that case, and the cases of *Walker* v. *Waters,* 118 Md. 203, and *De Bearn* v. *Winans,* 115 Md. 139, in each of which a fee was allowed because of the fact that there were one or more infants involved in the determination, who by reason of nonage were incompetent to contract for themselves.

The rule is clearly stated in *Miller's Equity,* Sec. 564: "Where the parties decline to accept the services of attorneys and claim that their interests are antagonistic, but the attorneys, nevertheless, recover a fund by which the parties are actually benefited, the attorneys cannot claim to be paid out of the fund in such a manner that such parties would be contributing thereto. This rule is upon the principle that one cannot legally claim compensation for voluntary service to another, however beneficial; there must be a contract of employment."

In the present case there was no fund recovered for the benefit of the trust estate. The most that can be said of the proceeding was that it involved a construction of certain clauses of the will of Patrick M. Quinn, and while the share of the *cestuis que trustent* might be varied according to the construction placed upon them, the estate as a whole was in no way benefited. It was thus a proceeding by the parties *inter sese,* not by the trustees against a third person.

The case, therefore, presented many points of similarity to the case of *McGraw* v. *Canton,* 74 Md. 557-9, in which this Court refused to allow a fee to the late James McColgan, who had conducted a long and tedious litigation that had brought the matter twice before this Court, and in which a deed of James McGraw was set aside.

This Court does not now express any opinion as to the monetary value of the services rendered by Mr. Field. No question of that character is presented by the record, but it is clear from the authorities already referred to, and many others which might be stated, that the allowance of the fee to Mr. Field was erroneous, and the order appealed from must therefore be reversed.

> *Order reversed, and cause remanded for further proceedings in conformity with this opinion.*