## GEIGER v. PEYSER et al.

### No. 7751.

United States Court of Appeals for the District of Columbia.

Argued Oct. 9, 1941.

Decided Nov. 3, 1941.

Irwin Geiger, of Washington, D. C., for appellant.

William E. Richardson, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

This is an appeal from an order denying appellant's application, as counsel of a depositors' committee, for an allowance of fees out of a fund then under control of the court.

The claim is made in these circumstances. On February 2, 1938, Montgomery Building & Loan Association filed in the court below its petition for dissolution and liquidation, and in April following a receiver was appointed. The assets of the association were in excess of $550,000 and were either then in cash or were shortly thereafter converted into cash. There were no creditors in the ordinary sense of that term, but there were two classes of claimants, each asserting priority over the other. Those in one class were "depositor-shareholders" with claims aggregating $538,000; in the other, "certificate holders" with claims aggregating $317,000. By the terms of their respective warrants of interest, the former were entitled to priority over the latter. Notwith-

---

standing this, the certificate holders claimed priority because, as they said, in the sale to them of their certificates false representations had been made, which avoided the contract and made them creditors of the association. A large majority of each group was represented by a protective committee, and each committee by counsel of its own selection. The receiver, regarding it as his duty to contest the claim of the certificate holders to the position of creditors, in June, 1938, successfully applied to the court for leave to appoint counsel to represent him in contesting the claim. Appellant, representing the committee of the depositor group, in collaboration with counsel for the receiver, thereupon formulated a compromise plan, the effect of which was to avoid litigation on the subject and permit prompt distribution of the fund. The plan provided for a division in the amount of approximately two-thirds to the depositor group and approximately one-third to the certificate group. Thereafter, in June, 1939, the receiver reported to the court that he had submitted the plan to both classes and that it had been approved and accepted by a substantial number and amount of each class. (Actually, only 68 claimants of all classes, out of a total of 1,999, rejected the compromise.) An order followed, authorizing distribution to all persons in each class who had accepted its terms and the reservation of so much of the fund as was necessary to take care of the subsequently allowed claims of those who had not. By order of the court, a fee of $6,000 was paid out of the whole fund to counsel for the receiver for services rendered by him in this transaction, and the petitions for fees of counsel for the respective groups were denied. The lower court was of opinion that the contests between the two classes were individual matters involving antagonistic interests and that counsel fees to those conducting such a contest should not be made a charge on the fund but should be paid by the parties themselves.

 Appellant's position is that, since the adopted plan was of his conceiving and was directly beneficial to the entire class represented in part by him, contribution should be made by all proportionately. He invokes the rule announced in the Greenough and Pettus cases,[1] to the effect that where one at his own expense takes proper proceedings to save a common fund from destruction, he is entitled to reimbursement either out of the fund itself or by proportional contribution from those who accept the benefits. But granting all of this, it is obvious that a fair consideration of the facts here will not bring appellant's case within the rule. In both the Greenough and Pettus cases, the fund was brought into court by those seeking compensation, for their own benefit, and for the benefit of others similarly situated. In the present case, the fund was already in court, converted into money, and ready for distribution whenever the rights of the respective claimants should be determined by the court. Appellant represented one set of claimants under an agreed compensation contract, but the fund was represented by the receiver, at whose instance the court appointed special counsel to advise him; and not only is there no suggestion of failure of performance of duty on the part of either receiver or his counsel, but an admission that their duties were faithfully performed. Appellant's suggestion of a means of compromise of the differences of the contesting claimants may very well have hastened administration of the fund and may also have been advantageous to his clients and some others in like situation with them, but this is not enough to justify an order requiring the latter to pay him involuntary tribute. We said recently in Thomas v. Peyser, 73 App. D.C. 155, 118 F.2d 369, 373, "Where the duty of the court and receivers is evident, attorneys' fees cannot be awarded to one who voluntarily comes into court to point out that duty, whether in friendly or in unfriendly litigation". This we said was true in that case—as it is in this—because otherwise a fund could be completely dissipated by numerous interveners eager to assist the court and its receivers.

We think the decision of the lower court was correct, and the order will be affirmed.

Affirmed.

---

[1] Trustees of Internal Improv. Fund v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; Central Railroad v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915.