**CAINE v. PAYNE et al.**

**No. 10391.**

United States Court of Appeals District of Columbia Circuit.

Argued March 23, 1950.

Decided May 8, 1950.

Mr. Albert E. Conradis, Washington, D. C., for appellant.

Mr. Stanley B. Frosh, Washington, D. C., for appellees.

Before CLARK, FAHY, and KIMBROUGH STONE (sitting by designation) Circuit Judges.

FAHY, Circuit Judge.

The case is before us on appeal from an order of the United States District Court for the District of Columbia construing the will of the late David A. Gourick. The will devised and bequeathed his residuary estate to the National Savings and Trust Company in trust as follows:

"One. To hold, manage, invest and reinvest the same, to keep the same invested, with full power to change and alter investments thereof, to collect the income therefrom and to pay three-fourths of the net income thereof unto my sister, Anna S. Payne, and the remaining one-fourth of the net income thereof unto my niece, Estella Caine, for and during their lifetimes, respectively. From and after the death of either, the entire net income shall be paid unto the survivor during the rest of her natural life.

"Two. Upon the death of the survivor of said Anna S. Payne and Estella Caine, the trusts herein created shall cease and determine and my said Trustee shall pay, set over, assign, convey and deliver my entire estate and property then in its possession, absolutely and in fee simple, share and share alike, unto my nephews, Edwin D. Payne, Edward O. Caine and Bertram Caine, or the survivors or survivor of them."

The trustee petitioned the District Court for instructions as to the meaning of the survivorship clause regarding the nephews; that is, as to how the estate should be distributed at the termination of the trust. Upon his death in 1925, testator was survived by his sister Anna S. Payne and by his niece Estella Caine. The sister and niece accordingly received their respective life interests in the income of the estate.

The sister predeceased the niece who then received the full income until her death in 1948. Subsequent to the death of the testator and prior to the death of the niece, Edwin D. Payne and Edward O. Caine, two of the three nephews, died. Of the three nephews only Bertram Caine survived the ending of the trust upon the death of the niece. The deceased nephews Edwin and Edward at that time were survived by their respective widows as next of kin. They are appellees.

The District Court held that the nephews each acquired a vested interest in the corpus of the trust estate and that the interests of Edwin D. Payne and Edward O. Caine were not divested by their failure to survive the niece. The court accordingly instructed that the residuary estate in the hands of the trustee at the time of the death of the niece should be distributed one-third to the surviving nephew Bertram Caine, one-third to the executor or administrator of the estate of the deceased nephew Edwin D. Payne, and the remaining one-third to the executor or administrator of the estate of the deceased nephew Edward O. Caine.

 Bertram Caine appeals. He contends that only the nephews or nephew who should survive the trust would take the estate then in the hands of the trustee. Since he alone so survived he contends that he alone should now receive the estate from the trustee. We agree that this was the intention of the testator and that it should be given effect. Each of the nephews took a vested remainder upon the death of the testator.[1] But such remainders were thereafter divested in the case of the two nephews who died before the end of the trust. We recently dealt *inter alia* with a vested interest where its owner took nothing by failure to survive a precedent life estate. Scott v. Powell, — U.S.App.D.C. —, 182 F.2d 75. The case demonstrates that the answer to the

question now before us does not lie in the fact that each of the nephews took a vested remainder upon the death of the testator. Failure of two of them to survive the trust estate left the nephew living at its termination to take all that would have been shared among the three had all survived or between two had but two survived. This was the intent of the testator as we construe his will. He used the word "survivor" three times in the provisions above set forth. Twice his meaning is quite clear from the context. The third use of the expression, upon which our decision turns, is not quite so clear. But it should be given the same meaning as in the two instances when the context leaves no doubt, namely, that the time of survival is related to the termination of the other interest referred to and not to the time of testator's own death. The first use of the word in paragraph One, *supra,* is that the entire net income of the residuary trust estate shall be paid for life "unto the survivor" of testator's sister and niece. Here it is obvious from the context that the time of survivorship is the death of the sister or niece, not of himself. He then states that upon the death of "the survivor" of said sister and niece, where the meaning of the word is again clear, the trust shall end and the entire estate then in possession of the trustee shall go "unto my nephews, Edwin D. Payne, Edward O. Caine and Bertram Caine, or the survivors or survivor of them". Following the natural tenor of the language we think that this last use of the words "survivors" and "survivor" refers not to survival at the time of testator's own death but means survivorship among the nephews at the time of the death of the sister or niece, the immediately precedent beneficiary in point of time. This being the meaning which we draw from the language of the will and there being no rule of law to prevent giving effect to it we must construe

---

1. "A future estate is vested when there is a person in being who would have an immediate right to the possession of the land upon the expiration of the intermediate or precedent estate, or upon the arrival of a certain period or event when it is to commence in possession. It is contingent when the person to whom or the event upon which it is limited to take effect in possession or become a vested estate is uncertain." 45 D.C. Code § 812(1940).

the will so that this intent of testator as to the disposition of his estate will have vitality.

It is well said in Pyne v. Pyne, 1946, 81 U.S.App.D.C. 11, 14, 154 F.2d 297, 300: "The basic, always controlling, rule in the construction of wills is the intent of the testator. If that intent can be discerned in the language of the will, read, of course, in the light of the surrounding circumstances, there is an end to the matter. If it cannot be so discerned, the testator must be presumed to have intended the result which the law has theretofore attached to the language which he chose to use."

■ We recognize that a construction which might lead to intestacy is not favored, Bunker v. Jones, —— U.S.App.D.C. ——, 181 F.2d 619 and that our construction would have resulted in some intestacy if all nephews had died before the trust terminated. We realize also that there is a strong line of authority, including O'Brien v. Dougherty, 1893, 1 App.D.C. 148, which would relate the time of survivorship, unless a contrary meaning is clear, to the testator's death, thus irrevocably vesting the interest as of that time. The discussion in O'Brien v. Dougherty develops the reasons for such a rule of construction. But we do not feel called upon to invoke rules designed to resolve ambiguity since the intention of the testator is sufficiently clear. It might not be thought to be absolutely clear. Differences of opinion are not altogether unreasonable. But it is clear enough to furnish the basis of decision without need to invoke canons of construction designed to lead to a result favored by the law in the absence of a clear indication of intention by the testator.

O'Brien v. Dougherty merits some further consideration. The devise was to testator's wife during her life, "and after her death to revert to my surviving children". It was held that the term "surviving" had reference to testator's death and not the death of his wife. The court expressed its consciousness that the decisions "depended more upon the special terms and context of the wills than upon the application of any settled or technical meaning of the words survivor or surviving". The court also relied in part upon the use of the word "revert" as signifying "a pre-existing right or estate in the children". Chief Justice Alvey concluded his able discussion, including a review of the English cases (which were not without differences; see, for example, Cripps v. Wolcott, 4 Madd. 12, 56 Eng.Rep. 613 (1819)), by favoring the referring of survivorship to the time of testators death.[2]

While there are similarities between that case and this, there are, as has been indicated from our analysis of the present will, differences in language and structure which justify a different conclusion as to the intent. Furthermore, there are changes in the law in the District of Columbia since the decision of O'Brien v. Dougherty in 1893 which to some degree tend against following it in the present case. Since 1901 the Code of the District of Columbia has provided that if a devisee die before the testator, leaving issue who survive, then such issue shall take what the devisee would have taken had he survived the testator, unless a different disposition be made or required by the will. 19 D.C.Code § 110 (1940). Had the words of survivorship now in question been omitted from the will and the two nephews had predeceased the testator their interests would have gone to their respective issue if any. The effect of the addition of the

2. The case in the end was decided on the point that the children who survived the testator took as joint tenants because there was no contrary expression of intention. This resulted in the right of survivorship among the children, even as to those who died subsequent to the testator. In the case at bar, aside from the provision of the Code enacted since O'Brien v. Dougherty [i. e. 45 D.C.Code § 816 (1940)], the will itself gives the estate to the nephews "share and share alike", that is, as tenants in common. Nevertheless, under the construction we give the survivorship clause the "share and share alike" provision is of no consequence since it would be effective only had more than one nephew come into possession by surviving the precedent trust estate for the lives of the sister and niece.

survivorship words, according to appellees, is that in the event the two nephews had predeceased testator their interests would have gone to the one nephew who survived him, to the exclusion of any issue of deceased nephews; but it hardly seems likely the testator would have added the words of survivorship to bring about that result without also intending that if two nephews died subsequent to the testator their interests would go to a nephew living at the end of the trust rather than to the estate of those who had died. If in the circumstances first stated the words of survivorship would have had the effect of preferring a nephew to the issue if any of deceased nephews, they should also have the effect of preferring a nephew to the estates of deceased nephews who died subsequent to testator but prior to the end of the trust.

The parties have cited in their briefs a number of cases in this and other jurisdictions. Some are inapplicable because of differences in the language of the wills construed such as Jewell v. Graham, 1928, 57 App.D.C. 391, 24 F.2d 257, relied upon by the appellant. Others, such as American Security & Trust Co. v. Sullivan, D.C. 1947, 72 F.Supp. 925, cited by appellees, have to do principally with vested remainders and are not particularly helpful on the question whether divestment should be held to have occurred in order to carry out the intention of the testator. Cf. Scott, v. Powell, supra. Others, including a number from other jurisdictions, show the developing and divergent lines of authorities bearing on the construction to be given to words of survivorship. We make no extended review of these decisions because we think this case should be decided by giving the language used the natural meaning which we are convinced reflects the intention of the testator. That meaning is that unless a nephew survived when the trust estate for the lives of the sister and niece terminated, neither he nor his estate then retained any interest. The nephew or nephews then living would take the share of a nephew who had died before that time.

Reversed and remanded.