**CAINE v. PAYNE et al.**

No. 10913.

United States Court of Appeals
District of Columbia Circuit.

Argued May 9, 1951.

Decided July 5, 1951.

Albert E. Conradis, Washington, D. C., for appellant.

Stanley B. Frosh, Washington, D. C., for appellees.

Before CLARK, PROCTOR, and BAZELON, Circuit Judges.

PROCTOR, Circuit Judge.

National Savings and Trust Company sued for construction of the residuary clause of a will under which it was trustee. The residuum was in the trustee's possession, ready for distribution. Appellant and appellees were opposing claimants. As such, they were joined as defendants. The controversy was solely between the two parties. The District Court adjudged in favor of the present appellees. This court reversed, deciding in favor of the present appellant. Caine v. Payne, 1950, 86 U.S. App.D.C. 404, 182 F.2d 246. Upon remand of the case, the District Court allowed the attorney for present appellees (the losing group in this court) an attorney's fee of $1,000 out of the estate. This appeal is from that order.

In our opinion the court erred. The attorney's services contributed nothing to the estate. They did not create, enhance, preserve, or protect the estate in any way. The property was in actual possession of the trustee, awaiting distribution as the court should direct. The claims of the opposing parties were wholly antagonistic. Each faction had its own attorney, who was bound to serve only the selfish interests of those he represented. Under such circumstances there is no justification for allowance of a fee out of the estate. Abbott, Puller & Myers v. Peyser, 1941, 75 U.S.App.D.C. 162, 124 F.2d 524, and cases cited; Geiger v. Peyser, 1941, 74 App.D.C. 372, 123 F.2d 167. See also St. Louis Union Trust Co. v. Kaltenbach, 1945, 353 Mo. 1114, 186 S.W.2d 578; Appeal of Farmer, 1920, 137 Md. 155, 111 A. 771; McCormick v. Elsea, 1907, 107 Va. 472, 59 S.E 411.

In the last case, McCormick, appellant, was claiming counsel fees out of an estate for services rendered one class of claimants as against another. The Supreme Court of Appeals, sustaining the action of the lower court in disallowing the claim, said, at page 412 of 59 S.E.:

"* * * Nevertheless, if the insistence of the appellant were to prevail, the anomalous result would follow that, as fruits of their victory, the appellees would be compelled to contribute one-fifth of their patrimony in compensation to counsel for services in a suit, the purpose of which was to deprive them of all interest in their mother's estate. The simple statement of

the proposition vindicates the action of the court in rejecting the demand.

"Except in rare instances, the power of a court to require one party to contribute to the fees of the counsel of another party must be confined to cases where the plaintiff, suing in behalf of himself and others of the same class, discovers or creates a fund which inures to the common benefit of all; but the discretion vested in the court should never be exercised in a case where the interests of the party whose fund is sought to be charged are antagonistic to the party for whose benefit the suit is prosecuted."

Reversed.