INCORPORATED VILLAGE OF GREAT NECK, Appellant, v. 435 MIDDLE NECK CORP. et al., Respondents.— No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

In the Matter of ROBERT I. LENNOX, Judgment-Creditor-Respondent, against ROBERT W. BRADY et al., Individually and as Copartners Doing Business under the Name of BRADY & DALY, Judgment Debtors, and ROBERT R. DALY, Judgment-Debtor-Appellant. ZARKIN MACHINE CO. INC., Third-Party Appellant.— The order of reference to the Official Referee is not appealable. (*Haubrich* v. *Haubrich*, 267 App. Div. 872; *Carretta* v. *Evans*, 254 App. Div. 773; *Matter of Greenwald* [*United Kitchen Equipment Co.*], 248 App. Div. 904; *Luttenberger* v. *Alpert Woodworking Corp.*, 252 App. Div. 862.) The order appealed from is not in form to permit this court to pass upon the question of the power of Special Term to adopt the procedure followed, in the face of substantial dispute and real controversy as to the existence of any indebtedness from the third party to the judgment debtor. (*Kenney* v. *South Shore Natural Gas & Fuel Co.*, 201 N. Y. 89, 92; *Drivas* v. *Lekas*, 265 App. Div. 818; *Haubrich* v. *Haubrich, supra.*) In the event that hearings be had before the Official Referee, appellants may by proper objection before the Referee avoid consent and acquiescence in the adopted practice. (*Matter of Powley* v. *Dorland Bldg. Co.*, 281 N. Y. 423.) Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ., concur.

In the Matter of the Compulsory Accounting of LOUIS J. LEVINE et al., as Executors of JACOB LEVINE, Deceased, Respondents. BENJAMIN KOENIGSBERG, Appellant.— It fairly appears from the proof that by reason of the services of petitioner, an attorney, appointment of an administrator of an estate with alleged assets of no more than $500 was superseded by probate of a will, with a concession on the part of the executors that assets totaled approximately $40,000. The services were of benefit generally to all of the legatees and particularly to those of charitable nature, which had received only a nominal amount prior to the petitioner's services but thereafter were paid in full. On all of the facts, the petitioner is entitled to be paid out of general assets and in consequence, as a creditor of the estate, is entitled to compel an accounting. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.