**Douglas Scott THROPP, Appellant,**

v.

**Henry W. FARNUM et al., Appellees.**

**Thomas A. SCOTT, Appellant,**

v.

**Henry W. FARNUM et al., Appellees.**

**Nos. 12377, 12378.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 4, 1955.

Decided May 26, 1955.

Petition for Rehearing Denied
July 1, 1955.

Mr. Benj. W. Dulany, Washington, D. C., for appellant Douglas Scott Thropp.

Mr. Cary McN. Euwer, Washington, D. C., for appellant Scott.

Mr. John Holt Myers, Washington, D. C., for appellees Henry W. Farnum, et al., in both cases.

Mr. Arthur G. Lambert, Washington, D. C., for infant appellees Edith B. Farnum, et al., in both cases.

Messrs. Edward Bennett Williams and Colman B. Stein and Miss Agnes A. Neill, Washington, D. C., entered appearances for appellee Fidelity-Philadelphia Trust Co. in both cases.

Mr. S. Churchill Elmore, Washington, D. C., entered an appearance for infant appellee Alexander Carter Thropp in both cases.

Before BAZELON, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judges.

The will of Miriam D. Thropp, deceased, was admitted to probate in the District of Columbia after her death in October 1930.[1]  It provides, *inter alia,* for certain payments of income to her children Douglas Scott Thropp, Thomas Alexander Scott Thropp [2] and Anna Scott Farnum, in specified shares, and for ultimate distribution of the principal to them or their children.  After the death in 1940 of Anna Scott Farnum uncertainty arose regarding the proper disposition after her death of the portion of income payable to her during her life.  On a petition for construction of the will the District Court held that the disputed income, which had been held undistributed by the trustee since Anna's death, should be paid to her issue.  Douglas Scott Thropp and Thomas Alexander Scott appeal.

The particular portion of the will to be construed is paragraph Sixth.  It devises and bequeaths to a trustee the residue of the estate for investment and collection of the income.  After certain other directions the will provides that the balance of the net income of the re-

1. Two codicils were also admitted to probate but they are not relevant to this litigation.

2. Thomas Alexander Scott Thropp has apparently discontinued use of the name Thropp.

siduary or trust estate shall be paid to the testatrix's children Douglas Scott Thropp, Thomas Alexander Scott and Anna Scott Farnum in the proportions of two-fifths to each son and one-fifth to the daughter, during their respective natural lives. The will then directs the trustee:

"* * * Upon the decease of any one of my said children to continue to pay the share of income to which the child so dying would be entitled if living, to his or her issue until the time hereinafter fixed for the distribution of the principal of this trust * * *."

None of the principal of the trust is to be distributed so long as the three named children of testatrix all live nor upon the death of any one of them unless one or more children of such deceased son or daughter shall then have attained the age of 30 years,

"* * * provided, however, that upon the expiration of twenty-one years from the date of the death of the survivor of my said three children * * * this trust shall be finally terminated and the principal immediately divided and distributed among the then surviving issue of my said three children entitled thereto, in the proportions and to the extent hereinafter set forth."

The will then continues:

"I direct that prior to the time for final distribution my residuary estate shall be partially distributed as follows:"

that is, upon the death of Douglas Scott Thropp any of his children who shall have attained the age of 30 years shall be entitled to receive a proportionate part of $150,000 of the principal of the trust, and thereafter as each child of said son attains the age of 30 years he or she shall become entitled to receive his or her share of $150,000 of said principal, share and share alike. A like proviso follows with respect to the death of the son Thomas Alexander Scott. However, upon the death of Anna Scott Farnum any of her children who shall have attained the age of 30 years shall be entitled to receive only a proportionate part of one-third of the balance of the principal of the residuary estate in excess of the $300,000 set aside for the children of testatrix's two sons as above outlined; and as each child of the said daughter attains the age of 30 years he or she shall thereupon become entitled to receive his or her share of one-third of said balance, share and share alike. The children of the two sons are granted participation in the remaining two-thirds of the balance of the principal in excess of $300,-000.[3]

It is then again provided that at the expiration of twenty-one years from the death of the survivor of testatrix's three children the "trust shall be terminated, and the principal thereof then held by my Trustees shall be distributed, per stirpes", among any of the grandchildren then living who shall not have attained the age of 30 years and the living issue of any of the grandchildren who shall have died before attaining the age of 30 years, leaving issue, in proportions indicated.

When the daughter Anna Scott Farnum died in 1940 each of her three sur-

---

3. The reason for the larger share for the children of the two sons is indicated by paragraph Seventh of the will, where testatrix states that it had always been her intention and desire to reimburse them on account of their having encumbered their remainder interests in the estate of their grandfather by the creation of two separate bond issues secured thereby, in the sum of $150,000 each, for the benefit of testatrix's husband. Furthermore, other provisions of the will reflect her desire to put an end to all litigation among members of her family. We note, also, that the aggregate of sums mentioned in the will demonstrates that testatrix expected her estate substantially to exceed in value that which it retained. The trust estate was found by the court below to amount in May, 1940, to about $144,000 and in February, 1954, to about $200,000. The court also found that at no time since the death of testatrix had the principal reached $300,000 in value.

viving children had attained the age of 30 years. They accordingly became entitled by the terms of the will to receive a share in that part of the principal of the trust which exceeded the $300,000 set aside for the issue of Anna's brothers Douglas Scott Thropp and Thomas Alexander Scott. But at Anna's death the entire trust estate amounted to less than $300,000, so there was no principal available for distribution to her children.

The question is what disposition should be made of the one-fifth share of income payable to Anna during her life. As we have seen the will provides that after her death this income shall be paid to "her issue until the time hereinafter fixed for the distribution of the principal of this trust". Did the testatrix by this clause intend payment of the income to cease at the time fixed for partial distribution of principal to the children of her deceased daughter, even though no principal were actually available for distribution to them when that time arrived? Or, on the other hand, should her issue continue to receive the one-fifth share of income until the time for final distribution of the principal?[4] If the former Anna's issue receive none of the disputed income. If the latter it is to be divided among them.

The court below held that testatrix intended the phrase "time hereinafter fixed for the distribution of the principal" to mean the time for final, rather than partial, distribution, subject, as the court said, "to the contingency or contingencies that the residuary estate will be reduced by the payments" earlier made of principal under any of the provisions for partial distribution, as hereinabove outlined.

■■■ The actual intention of the testatrix is unclear. Counsel have ably presented and we have carefully considered the various factors, drawn from the general scheme as well as the particular provisions of the will, which support one or the other construction urged upon us; that is, whether the income should continue to be paid to the issue of a deceased child until final distribution or only until the respective times for partial distribution of principal, which in the case of Anna's issue was at her death. It is rather surprising that notwithstanding testatrix's efforts to cover with precision all possible contingencies the shrinkage in value of her estate caused a situation to exist at Anna's death which permitted then no partial distribution of principal to Anna's children. Clearly testatrix otherwise contemplated. Furthermore, she made no provision for payment of income to each of the two sons in excess of two-fifths. If the one-fifth income in question is not to be paid to Anna's issue the will bequeaths it neither to the sons nor to anyone else and partial intestacy arises. This too was not intended, nor is intestacy favored by the courts, especially where, as here, a will obviously seeks to dispose of the entire estate. See Bunker v. Jones, 86 U.S.App.D.C. 231, 234, 181 F.2d 619, 622, and cases cited. Hilton v. Kinsey, 88 U.S.App.D.C. 14, 18, 185 F.2d 885, 889, 23 A.L.R.2d 830; Caine v. Payne, 86 U.S.App.D.C. 404, 406, 182 F. 2d 246, 248, 20 A.L.R.2d 823, certiorari denied, 340 U.S. 855, 71 S.Ct. 72, 95 L. Ed. 626; 57 Am.Jur., Wills, § 1158; 2 Page on Wills, § 926, p. 845. Applying the canon of construction which frowns upon intestacy we are led to resolve the question in accord with the view adopted by the District Court. Though not the only permissible one this construction is within the language of the will and is consistent with the general intent of the testatrix. It avoids partial intestacy, and it simply means that the percentage of income paid to Anna during her life is continued after her death for her issue, but the percentage will not apply to principal which from time to time is distributed; that is to say, at the several times when distribution of principal oc-

4. Since Anna has died, this will occur, under the terms of the will, not later than twenty-one years from the death of the survivor of Anna's two brothers who are the appellants.

**644**

curs the amount of the one-fifth income will be reduced by application thereafter of the percentage only to the principal remaining in the trust.

Under the special circumstances of this case we find no abuse of discretion in allowing fees for guardians ad litem or in directing their payment from the principal of the trust.

Affirmed.