**Mary W. WALSH, Appellant,**

v.

**NATIONAL SAVINGS AND TRUST COMPANY, a Corporation, as Substituted Trustee, et al., Appellees.**

**No. 12819.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 13, 1956.

Decided Feb. 23, 1956.

District Court held the trust continues. We agree with that court.

The trust instrument provided:

"(h) This trust shall continue for a period of twenty (20) years after the death of Mary Helen, if there shall be lineal descendants of Trustor surviving for that length of time, * * *. Upon the expiration of the period of twenty (20) years after the death of said Mary Helen or upon the death of survivor of Trustor or said Katherine, whichever shall last occur, this trust shall terminate * * *.

"(i) If, however, upon the death of the survivor of Trustor and said Katherine, whichever shall last occur, or at any time thereafter, there shall be a failure of lineal descendants of Katherine to take hereunder, then this trust shall terminate * * *."

Mr. Dean F. Cochran, Washington, D. C., with whom Mr. C. Dean Reasoner, Washington, D. C., was on the brief, for appellant.

Mr. John Lord O'Brian, Washington, D. C., with whom Mr. Hugh B. Cox, and Mrs. Virginia G. Watkin, Washington, D. C., were on the brief, for appellee Grace Dexter Burgher and certain other appellees.

Messrs. Arthur P. Drury, John M. Lynham and John E. Powell, Washington, D. C., entered appearances for appellee National Savings and Trust Co.

Mr. O. R. McGuire, Washington, D. C., for appellees Rutherford and Snodgrass.

Before PRETTYMAN, WILBUR K. MILLER, and WASHINGTON, Circuit Judges.

PER CURIAM.

This is a civil action brought by trustees under a declaration of trust for instructions as to the termination of the trust.

█ Mary Keating was the trustor. She had one daughter, Katherine, who in turn had one daughter, Mary Helen Walsh, our present appellant. The trustor died in 1944, and Katherine died in 1952. The problem is whether the trust then terminated or whether it continues Mary Helen says it terminated and she is entitled to the corpus in fee simple. The

Mary Helen says the first of the foregoing references (Art. A(2) (h)) controls and it refers to "descendants", plural. She says, therefore, when only one descendant survived there were no descendants. We think the section itself is clear in meaning the trust shall continue for the specified period if any lineal descendant of the trustor survives for so long. But we also think the matter of termination is more definitely prescribed by the last of the foregoing quoted clauses, i. e., subparagraph (i). It depends upon "a failure of lineal descendants", and Mary Helen concedes there is no failure of descendants so long as one descendant survives.

█ If the meaning of the quoted clauses were not clear, the whole of the trust instrument makes indubitably plain a purpose and plan that the trust last the maximum period permissible under the rule against perpetuities. We think it is unnecessary to analyze in its entirety this carefully drawn instrument.

The judgment of the District Court is Affirmed.