**Mary W. WALSH, Appellant,**

v.

**NATIONAL SAVINGS & TRUST COM-
PANY et al., Appellees.**

**No. 13510.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 12, 1957.

Decided May 29, 1957.

Petition for Rehearing In Banc
Denied June 20, 1957.

Mr. Dean F. Cochran, Washington,
D. C., for appellant.

Mr. John Lord O'Brian, Washington,
D. C., for appellee Grace Dexter Burgher
and certain other appellees and for ap-
pellee Lee Mitchell and certain other
appellees. Mr. Hugh B. Cox and Mrs.
Virginia G. Watkin, Washington, D. C.,
were also on the brief for appellee Lee
Mitchell and certain other appellees.

Mr. O. R. McGuire, Washington, D. C.,
for appellees Rutherford and Snodgrass.

Messrs. Arthur P. Drury, John M.
Lynham and John E. Powell, Washing-
ton, D. C., entered appearances for ap-
pellee National Savings & Trust Co.

Before PRETTYMAN, WILBUR K. MIL-
LER, and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This appeal is a sequel to the appeal in
Walsh v. National Savings and Trust
Company, decided by this court in 1956.[1]
The action was one for instructions
brought by trustees under a trust. Our
present appellant, Mary W. Walsh, con-
tended that the trust had terminated and
that she was entitled to the full corpus
of the trust. Contingent remainder
beneficiaries of the trust contended that
the trust estate remained in existence
and, under the terms of the trust, was to
remain in existence until twenty years
after the death of Mary W. Walsh, so
long as any lineal descendant of the
trustor should survive, Mary W. Walsh
receiving the income for life. This
court agreed with the latter contention.
Thereafter the appellee remaindermen
moved the District Court for an order
allowing compensation from the trust
for their attorneys. That court granted
the motion in part, holding in a memo-
randum that the contingent remainder-

[1]. 97 U.S.App.D.C. 337, 231 F.2d 496.

men were the defenders of the life of the trust and that they bore the entire burden of the defense of the life of the trust. The court was of the opinion that under the general principle that a trust estate should bear the expenses of its administration the trust estate in the case at bar should bear the expense of reasonable counsel fees for the successful defenders of the life of the trust. This appeal followed.

■ We are of opinion that the view of the District Court was reasonable. The action was in substance an effort on the part of Mary W. Walsh to terminate the trust. The remaindermen who defended the trust acted not only in their own behalf but in behalf of any then-unborn lineal descendant of the trustor. So the contest was not purely a contest between two parties as to which should receive the corpus of the trust. Under the circumstances it is an equitable conclusion that the corpus of the trust should bear the costs incurred for its preservation.

In an opinion dealing with a fund created for other members of a class solely through the operation of *stare decisis,* Mr. Justice Frankfurter stated:

"Plainly the foundation for the historic practice of granting reimbursement for the costs of litigation other than the conventional taxable costs is part of the original authority of the chancellor to do equity in a particular situation. * * * As in much else that pertains to equitable jurisdiction, individualization in the exercise of a discretionary power will alone retain equity as a living system and save it from sterility."[2]

■■ These equitable principles are applicable in suits which involve the construction of trusts.[3] An attorney who creates, increases, preserves or protects a trust fund, with an accompanying benefit to all who are entitled to participate in the trust, is entitled to receive his fee from the corpus of the trust.[4] On the other hand it is also true that a litigious party or one who seeks a construction in bad faith is not entitled to costs out of the corpus.[5] Between these extremes lies the large body of cases which call into play the chancellor's discretion as to whether or not some or all of the costs of litigation should be charged to the corpus of the trust. The case at bar is in this area.

We adhere to our decisions in Caine v. Payne, Abbott, Puller & Myers v. Peyser, and Thomas v. Peyser,[6] holding merely that in the circumstances of the case at bar the award of attorneys' fees out of the trust corpus was within the equitable powers of the District Court.

Affirmed.

WILBUR K. MILLER, Circuit Judge (dissenting).

I do not agree that the action brought by the trustees for a construction of the trust instrument "was in substance an effort on the part of Mary W. Walsh to terminate the trust." The trustees were in doubt as to how to interpret the declaration of trust and were unwilling to take the responsibility of resolving their doubt. In these circumstances, they very properly sought judicial guidance.

Mary W. Walsh did not initiate the litigation, and neither attacked the integrity of the declaration of trust nor sought to terminate the trust contrary

2. Sprague v. Ticonic Bank, 307 U.S. 161, 166–167, 59 S.Ct. 777, 83 L.Ed. 1184 (1939).

3. In re Atwood's Trust, 227 Minn. 495, 35 N.W.2d 736, 9 A.L.R.2d 1126 (1949). See, in particular, Annot., 9 A.L.R.2d 1132, at 1184–1189.

4. Caine v. Payne, 89 U.S.App.D.C. 260, 191 F.2d 482 (1951); Abbott, Puller & Myers v. Peyser, 75 U.S.App.D.C. 162, 124 F.2d 524 (1941); Thomas v. Peyser, 73 App.D.C. 155, 118 F.2d 369 (1941).

5. In re Atwood's Trust, supra note 3; Cleveland v. Second Nat. Bank & Trust Co., 149 F.2d 466 (6th Cir.1945), certiorari denied, 326 U.S. 775, 66 S.Ct. 231, 90 L.Ed. 468 (1945).

6. All supra note 4.

to its terms. She merely tried to induce the courts to agree with her interpretation of it, just as the contingent remaindermen argued for the adoption of their contrary view. Meanwhile the trustees looked on, with the trust fund securely in their possession, ready to retain or distribute it as directed. The fund had already been created and was intact at the original amount. It was not in need of preservation or protection by others than the trustees. The latter simply awaited judicial direction; the controversy was solely between the antagonistic parties.

It may be the trustees filed the action because of the conflicting contentions of Mrs. Walsh and the contingent remaindermen as to the trustor's intention. If so, the fact serves to point up the adversary nature of the proceeding. Certain it is that in the trial court and in this court they were antagonists, each taking a selfish position which was unfavorable to the other.

The remaindermen's success did not redound to her benefit but rather to her prejudice. Allowance of their attorneys' fees out of the corpus will further prejudice her by curtailing the income from the trust which she is entitled to receive as long as she lives.

I agree that "An attorney who creates, increases, preserves or protects a trust fund, *with an accompanying benefit to all who are entitled to participate in the trust*,[1] is entitled to receive his fee from the corpus of the trust." But that is not this case, as the majority concede. I also agree that "a litigious party or one who seeks construction in bad faith is not entitled to costs out of the corpus." But this case does not fall in that category, as my brothers admit.

They find, however, "[b]etween these extremes" a twilight zone where the chancellor has discretion to allow from the trust fund the attorney's fees of a party who did not in any way create, increase, preserve or protect the fund. I doubt the existence of such an area in

which the majority say lies a "large body of cases," and I note they cite no authority for it. It seems to me that the chancellor's discretion is exhausted when he determines whether the claimant meets the test of Caine v. Payne, 1951, 89 U.S.App.D.C. 260, 191 F.2d 482.

In citing the Caine case to support the first of the two "extremes": that one who creates, increases, preserves or protects a trust fund to the benefit of all concerned is entitled to costs from the corpus, my brothers of the majority overlook the fact that in the Caine opinion we held the converse or negative of that proposition. We said one who did *not* create, increase, preserve or protect the trust fund for all beneficiaries is *not* entitled to have his attorney paid from the fund. Thus the true test was established.

The Caine case is so factually similar to the situation here that I think its holding is dispositive of the case before us. I quote from the Caine opinion:

"National Savings and Trust Company sued for construction of the residuary cause of a will under which it was trustee. The residuum was in the trustee's possession, ready for distribution. Appellant and appellees were opposing claimants. As such, they were joined as defendants. The controversy was solely between the two parties. The District Court adjudged in favor of the present appellees. This court reversed, deciding in favor of the present appellant. Caine v. Payne, 1950, 86 U.S.App.D.C. 404, 182 F.2d 246 [20 A.L.R.2d 823]. Upon remand of the case, the District Court allowed the attorney for present appellees (the losing group in this court) an attorney's fee of $1,000 out of the estate. This appeal is from that order.

"In our opinion the court erred. The attorney's services contributed nothing to the estate. They did not

1. My emphasis.

create, enhance, preserve, or protect the estate in any way. The property was in actual possession of the trustee, awaiting distribution as the court should direct. The claims of the opposing parties were wholly antagonistic. Each faction had its own attorney, who was bound to serve only the selfish interests of those he represented. Under such circumstances there is no justification for allowance of a fee out of the estate. [Cases cited.]"

The foregoing so closely fits this case both factually and legally that, *mutatis mutandis*, it would serve as an opinion in this appeal. Although the majority say they adhere to our decision in Caine v. Payne, it seems to me they depart from it and in effect overrule it. I would reverse on the authority of the Caine case.