Estate of Anne M. McKEEVER.

Martin W. CHRISTOPHER, Appellant,

v.

Doris KRAUS, et al., Appellees.

No. 11394.

District of Columbia Court of Appeals.

Argued March 16, 1977.

Decided Oct. 7, 1977.

Martin J. McNamara, Washington, D. C., with whom Glenn D. Simpson, Washington, D. C., was on the brief, for appellant.

Francis E. Fletcher, Jr., Washington, D. C., with whom Michael L. Glaser, Washington, D. C., was on the brief, for appellee Kraus.

Edward E. Schwab, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellee District of Columbia.

Before KERN, GALLAGHER and HARRIS, Associate Judges.

PER CURIAM:

This is an appeal from an order denying appellant's Petition for Allowance of Attorney's Fees and Costs. The petition arose out of appellant's unsuccessful efforts to have a will admitted to probate and to be appointed administrator *cum testamento annexo.* We affirm.

The circumstances leading up to this appeal are sufficiently set forth in *Estate of McKeever,* D.C.App., 361 A.2d 166 (1976), and therefore they need not be detailed here. Appellant was the representative of a legatee in a will which he attempted unsuccessfully to have probated. Stated briefly, that will was a carbon copy of an original will "from which the signature had been carefully torn and on which interlineations had been made." *Estate of McKeever, supra* at 169. This court concluded there that Anne M. McKeever had died intestate and that therefore the trial court had properly entered a summary judgment against appellant in his suit seeking revocation of appellee Kraus' letters of administration and admission to probate of a purported testamentary document. Appellant then filed the Petition for Allowance of Attorney's Fees and Costs. The District of Columbia was joined on this appeal by appellee Kraus in seeking to sustain the trial court's denial of the petition.[1]

■ We now consider the issue raised by this appeal: whether a representative of a legatee is entitled to costs and attorney's fees from the estate. The essence of appellant's argument is that, in attempting to

1. The District of Columbia is a party here because the estate escheated to the city when it was found that Anne M. McKeever had no relations within the fifth degree. D.C.Code 1973, § 19–701.

propound the "will," he had assumed the duties of the nominated executor and was therefore entitled to recover attorney's fees and costs from the estate. In the District of Columbia, an *executor* who unsuccessfully attempts to have a will admitted to probate may be allowed attorney's fees and costs out of the estate if he has acted in good faith. *Hutchins v. Hutchins*, 48 App. D.C. 286 (1919); *Tuohy v. Hanlon*, 18 App. D.C. 225 (1901). This line of cases is of no use to appellant because the individual in both *Hutchins* and *Tuohy* who sought payment from the estate was a nominated executor. We view appellant as having acted not as a substitute executor but as the representative of a legatee under the "will."

Although courts have reached different results in dealing with the question whether an individual other than executor can be awarded attorney's fees and costs out of the estate, they have agreed on the importance of one factor, this being the consideration of whether the estate has been benefited by the actions of the person seeking fees and costs from the estate.[2] The concept of benefit to the estate as a guiding principle is not new to this jurisdiction. *See Caine v. Payne*, 89 U.S.App.D.C. 260, 191 F.2d 482 (1951).

■ Applying this principle to this case, we conclude that the trial court properly denied appellant's petition for attorney's fees and costs from the estate. Although we do not question appellant's good faith in attempting to have the will admitted to probate, we fail to see how the estate was benefited by his efforts in the circumstances of this case. To permit this unsuccessful proponent of a will to recover costs and attorney's fees from the estate would conflict with the policy of preventing undue depletion of estates. *See Caine v. Payne, supra.*

*Affirmed.*

**2.** *See, e. g., MacKay v. Costigan*, 179 F.2d 125 (7th Cir. 1950); *Craven v. Shoults*, 97 F.2d 299 (8th Cir. 1938); *In re Gleason's Estate*, 74 So.2d 360 (Fla.1954); *In re Levine's Estate*, 279 App. Div. 663, 107 N.Y.S.2d 939 (1951); *Podesta v. Podesta*, 28 Tenn.App. 282, 189 S.W.2d 413 (1945).