**Thomas WORTHAM, Individually and as the Trustee of the Estate of Nettie S. Harper, Deceased, and as the Trustee of the Tiny S. Winsett and Willie Shaw Edwards Trusts, Appellant,**

v.

**Mildred BAXTER, Individually and as the Independent Executrix of the Estate of Tiny S. Winsett, Deceased, Appellee.**

No. 5162.

Court of Civil Appeals of Texas, Eastland.

Aug. 31, 1978.

Rehearing Denied Oct. 12, 1978.

Donald C. McCleary, Wynne & Jaffe, Dallas, for appellant.

H. Campbell Zachry, Durant, Mankoff, Davis, Wolens & Francis, Dallas, for appellee.

BRADBURY, Justice.

This is a summary judgment case regarding the disposition of assets under the will of Nettie Harper. Plaintiff, Mildred Baxter, and defendant, Thomas Wortham, both moved for summary judgment agreeing that the will was not ambiguous requiring a construction but a declaration of its provisions was required. Plaintiff's motion was granted. We affirm.

The pertinent provisions of the will are:

"III.

.    .    .    .    .

C. I do hereby bequeath and devise unto my beloved sisters, Charlie Shaw Fifley, Tiny Shaw Winsett and Willie Shaw Edwards all of the right, title and interest that I shall own at the time of my death in and to all jewelry, clothes, household goods, furniture, personal automobiles, books, pictures, paintings and other personal effects equally, share and share alike or to the survivors, equally, share and share alike, or to the survivor. *If, at the time of my death all of my three beloved sisters have predeceased me, then all of the right, title and interest that I shall own at the time of my death in and to all jewelry, clothes, household goods, furniture, personal automobile, books, pictures, paintings, and other personal effects shall become a part of the rest, residue and remainder of my property and shall be disposed of as provided for in Section IV of this my Last Will and Testament.*

IV.

All the rest, residue, and remainder of all the right, title, estate and interest of whatsoever character, which at the time of my death, I shall have in or to any and all

property of whatsoever kind and whereso-ever situate (intending by this general de-scription to include all real property, all personal property, all choses in action, and everything or right whatsoever in, to, or upon which I shall have any title or claim), I give, bequeath, and devise unto Archie Fifley as Trustee upon and under the terms, conditions, provisions, and matters in this trust set out. I direct that no bond or security be required of him hereunder in such capacity as Trustee. In the event Archie Fifley shall fail or refuse to act as trustee for any reason or shall resign as trustee or shall die while acting as trustee, then and in that event, I hereby constitute and appoint Thomas S. Wortham as trustee and I direct that no bond or security be required of him hereunder in such capacity as trustee. In the event Thomas S. Wort-ham shall fail or refuse to act as trustee for any reason or shall resign as trustee or shall die while acting as trustee, then and in that event, I hereby constitute and appoint First National Bank in Dallas as Trustee. I di-rect that no bond or security be required of the said First National Bank in Dallas here-under in such capacity as Trustee. In the event First National Bank in Dallas shall fail or refuse act as Trustee or shall resign, or as its successor shall fail or refuse to act or shall resign then and in that event, a trustee shall be appointed by a District Court of Dallas County, Texas, upon the application of any person, provided, how-ever, that such trustee so appointed by the Court shall be a corporate trustee legally empowered to act as trustee, having an unimpaired capital of not less than $2,000,-000.00, and any such trustee so appointed by the District Court shall be deemed to be the successor trustee to the First National Bank in Dallas. The term, 'trustee', as used in this will shall be deemed to signify all trustees, whether original, one or more, substitute, or successor trustee acting here-under at any given time.

.    .    .    .    .

B. The distribution of the net income and corpus of said trusts shall be as follows:

(1) Upon my death the trustee shall divide the properties comprising this trust into three shares of equal value, and such shares shall be named and designated as follows:

CHARLIE SHAW FIFLEY TRUST, thus being named after my sister, Charlie Shaw Fifley.

TINY SHAW WINSETT TRUST, thus being named after my sister, Tiny Shaw Winsett.

WILLIE SHAW EDWARDS TRUST, thus being named after my sister, Wil-lie Shaw Edwards.

In making the division of the properties into the three trusts above mentioned, it is my will and desire that each trust be comprised of properties of equal value, and the trustee is expressly authorized and permitted to allocate to any particu-lar trust, undivided interests in properties in which any one or more of the other particular trusts may also have and own undivided interests, whether of real or personal property. *The sister of mine for whom any particular trust is named is and shall be the primary beneficiary of such trust,* and may hereafter be referred to in this instrument, from time to time, as PRIMARY BENEFICIARY. The trusts thus created shall be handled and disposed of in the following manner:

(a) After my death, the trustee shall pay the entire net income of the trust bearing the name of such PRIMARY BENEFICIARY to such PRIMARY BENEFICIARY who is then living dur-ing the entire remaining life of such PRI-MARY BENEFICIARY, *it being my in-tention that said primary beneficiaries shall have and receive the net income from all of the property comprising the trust bearing the name of such PRI-MARY BENEFICIARY as long as such PRIMARY BENEFICIARY may live.*

(b) If at the time of my death CHAR-LIE SHAW FIFLEY is deceased then the trustee shall pay over and deliver *in fee simple* to ARCHIE FIFLEY all of the properties comprising the trust bearing the name CHARLIE SHAW FIFLEY TRUST and this trust shall then termi-

nate as to such particular trust. If, at such time ARCHIE FIFLEY is not living then the trustee shall pay over and deliver in fee simple all of the properties comprising the trust to the child or children equally, share and share alike of the said ARCHIE FIFLEY. If, at such time the said ARCHIE FIFLEY is deceased and there is no child or children surviving the said ARCHIE FIFLEY, so that there is no one to take the trust properties comprising the trust bearing the name CHARLIE SHAW FIFLEY TRUST, then and in that event only, the properties comprising the trust estate bearing the name CHARLIE SHAW FIFLEY TRUST shall be divided in equal portions to the TINY SHAW WINSETT TRUST and the WILLIE SHAW EDWARDS TRUST created by this will and shall be handled and disposed of and distributed as a part of such trust as though originally included therein.

(c) If at the time of my death TINY SHAW WINSETT, the PRIMARY BENEFICIARY of the TINY SHAW WINSETT TRUST is deceased, or if the said TINY SHAW WINSETT shall be living at the time of my death and shall thereafter die, then and in that event only the properties comprising the trust estate bearing the name TINY SHAW WINSETT shall be divided in equal portions among the CHARLIE SHAW FIFLEY TRUST and the WILLIE SHAW EDWARDS TRUST created by this will and shall be handled, disposed of and distributed as a part of such other trusts *as though originally included therein.*

(d) If at the time of my death WILLIE SHAW EDWARDS, the primary beneficiary of the WILLIE SHAW EDWARDS TRUST is deceased, or if the said WILLIE SHAW EDWARDS shall be living at the time of my death and shall thereafter die, then and in that event only the properties comprising the trust estate bearing the name WILLIE SHAW EDWARDS TRUST shall be paid over and delivered by the trustee in fee simple to THOMAS S. WORTHAM if he shall be then living and if at such time he is deceased, then

such trust properties shall be paid over and delivered in fee simple by the trustee to his children then living in equal amounts. If at such time any such child of the said THOMAS S. WORTHAM is deceased but has issue surviving, then the trustee shall pay over and deliver the portion which such deceased child would have taken to the surviving issue of such child in equal amounts and this trust shall then terminate as to such portions so paid over and delivered. In the event that THOMAS S. WORTHAM and all of his children and all of the issue of such children should die before taking so that there was no one to take the trust properties comprising the trust bearing the name WILLIE SHAW EDWARDS TRUST then and in that event only the properties comprising the trust estate bearing the name WILLIE SHAW EDWARDS TRUST shall be divided in equal portions among the TINY SHAW WINSETT TRUST and the CHARLIE SHAW FIFLEY TRUST created by this will, and be handled, disposed of and distributed as a part of such other trusts as though originally included therein.

(e) The trustee may pay such net income mentioned herein at such time and intervals as the trustee may set to the persons entitled to receive same, but the trustee shall be required to pay such net income at least quarter annually. It is also my will and desire and I do direct that the trustee, in trustee's sole discretion, may, from time to time, pay to the person entitled to receive the income at such time, such sums out of the corpus of the trust estate as the trustee may believe, in trustee's sole discretion, is required and necessary for the current living expenses of such person or persons, if the trustee, in trustee's sole discretion, is of the opinion that the income from this trust estate, together with other income that such person might have, is not then sufficient to support such person, provided, however, that this provision giving the trustee discretionary powers to pay such person from time to time a part of

the corpus for current living expenses shall not be construed as vesting any right, title, or claim of any kind or character on the part of any such person in and to the corpus of the trust estate. In the event of any emergency or unusual circumstances, the trustee, in trustee's sound discretion, may pay to any such person such sums as may be necessary out of the corpus of such fund, it being my intention hereby to give the trustee the right of encroachment and invasion in and to the said corpus."

Nettie Harper died September 19, 1964. Charlie Shaw Fifley predeceased her. Archie Fifley died November 6, 1969. Tiny Shaw Winsett died June 20, 1974, and Willie Shaw Edwards survives. Plaintiff, Mildred Baxter, married Archie Fifley November 11, 1957, and remarried after Archie's death. Archie in his will named Mildred as primary beneficiary of his estate. By the provisions of Nettie's will, Archie qualified as independent executor and as trustee of the three testamentary trusts and served until his death when Thomas Wortham, defendant, qualified as successor executor and trustee. Following Tiny Shaw Winsett's death, defendant in his fiduciary capacity, transferred all of the assets of the Tiny Shaw Winsett Trust to the Willie Shaw Edwards Trust, taking the position that such was the intention of Nettie as Willie was the only surviving sister. Plaintiff argues that ½ of the assets in Tiny's trust should have been transferred to her because on the death of Nettie, such ½ became a vested remainder interest in the Charlie Shaw Fifley Trust and Charlie having predeceased Nettie in death, that the assets in Charlie's trust including the vested remainder interest passed to Archie and Archie then being owner of same with the power of disposition left such interest to plaintiff.

Defendant complains that the granting of plaintiff's motion for summary judgment was erroneous in that the will did not as a matter of law grant Charlie's trust a vested remainder interest in ½ of the assets of Tiny's trust; if it did, that the defendant nevertheless made proper distribution; that Charlie's trust never existed; that as a

matter of law the intent of Nettie was for all of the assets of Tiny's trust to be distributed to Willie's trust; and that there was an ambiguity in the will. In his brief, he said there was no ambiguity.

The plan of disposition as provided for in Nettie's will was the establishment at her death of three testamentary trusts. The primary beneficiary of each trust was a sister. One sister, Charlie, had a son, Archie; another sister, Willie, had a son, Thomas Wortham, the defendant; the other sister, Tiny, had no children. If Charlie did not survive Nettie and she did not so survive, then the assets in Charlie's trust passed to Archie in fee simple. The provisions of the Willie Shaw Edwards Trust were similar. The provisions of the Tiny Shaw Winsett Trust were different, as Tiny had no issue. If Tiny did not survive Nettie, or if she did, then on her death, the assets of that trust were to be delivered ½ to the Charlie Shaw Fifley Trust and ½ to the Willie Shaw Edwards Trust. Charlie did not survive Nettie, but was survived by her son, Archie. Tiny died after the death of Archie.

We must resolve how the assets of Tiny's trust are to be distributed. Defendant, inter alia, argues that since Charlie's trust had terminated at the time of Tiny's death, it could not possess a vested remainder interest in ½ of the assets of Tiny's trust and Archie could never have such a vested remainder interest. Defendant further argues that at the time of Tiny's death, the only sister of Nettie surviving was Willie and it was Nettie's intention that the interest in question go to such survivor. Our Supreme Court in *Caples v. Ward*, 107 Tex. 341, 179 S.W. 856 (1915) stated:

"A remainder is vested where there is a person in being who would have an immediate right to the possession upon the termination of the intermediate estate. It is an immediate right of present enjoyment, or a present right of future enjoyment, a fixed interest, with only the right of possession postponed until the ending of a particular estate. 4 Kent. 202; *Buf-*

*ford v. Holliman*, 10 Tex. 560, 60 Am.Dec. 223. To use a common illustration of the books, where there is a grant of an estate to A. for life, and, after his death, to B. in fee, the remainder is a vested one, since the grant creates a present fixed interest, with the right of future enjoyment in B." See *Guilliams v. Koonsman*, 154 Tex. 401, 279 S.W.2d 579 (1955); *Chadwick v. Bristow*, 146 Tex. 481, 208 S.W.2d 888 (1948).

 Defendant argues that any interest in Tiny's trust passing to Charlie's trust or to Archie was a contingent interest; that is, it was contingent upon Charlie's trust being in existence at the time of Tiny's death. Most of the cases cited by defendant are authority for the principle that the condition of survival must be incorporated into the gift of the remainder to constitute a conditional remainder. This is not the situation in the instant case. The vested remainder interest became vested without condition at the time of Nettie's death, that is, there is a present ownership with right of possession delayed during the lifetime of Tiny. Defendant particularly relies on *Caine v. Payne*, 86 U.S.App.D.C. 404, 182 F.2d 246 (1950) and *Coker v. Eckert*, 369 S.W.2d 471 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n. r. e.). Both cases are distinguishable from the instant case.

In both cases, the defendant involved had become entitled to an interest in the "remainder", "contingent" upon a condition precedent, the condition being survival. The condition was built in with the disposition of the gift. We do not have such a condition in the instant case.

The Charlie Shaw Fifley Trust never came into existence because the intended beneficiary predeceased the testatrix. In *Morrison v. Parish*, 384 S.W.2d 764 (Tex. Civ.App.—Texarkana 1964, writ dism'd), the court said:

". . . the existence of a beneficiary is an indispensable element of an expressed trust, and in the absence of a beneficiary the effort to create such trust aborts."

Restatement, Second, Trusts § 112.

 Nettie's obvious intent, as expressed by the language of the will, was that if she was not survived by her sister, Charlie Shaw Fifley, there would pass to Archie the assets that would have been in the Charlie Shaw Fifley Trust. Had such trust come into existence, it would have held a vested remainder interest in ½ of the assets in the Tiny Shaw Winsett Trust. The trust not having come into existence, said vested remainder interest passed to Archie by the provisions of Nettie's will. Archie had the power to dispose of such interest by his will. *Riedel v. Kerlick*, 474 S.W.2d 508 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n. r. e.); *Trimble v. Farmer*, 157 Tex. 553, 305 S.W.2d 157 (1957).

All of defendant's points of error have been considered and are overruled.

Judgment of the trial court is affirmed.